# ATTORNEY GENERAL *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

*nsolvent insurance company — an attorney for policyholders has no legal claim against the receiver for compensation for his services.*

An attorney who, upon the retainer of certain of the policyholders in an insolvent insurance company, has appeared and resisted improper claims made by the receiver against the assets in his hands, has no legal claim to be compensated for such services by the receiver out of the assets of the corporation.

APPEAL by Charles P. Hartwell and others from an order denying a motion made for the payment of $831.75, for services and

disbursements of their attorney and counsel in resisting certain claims made on behalf of the receiver of the corporation.

*Raphael J. Moses,* for the appellants.

*D. O'Brien,* attorney general.

*Edward H. Hobbs,* for the receiver.

DANIELS, J.:

The appellants held claims against the property of the insurance company, which it was alleged were payable out of its assets in the hands of the receiver. And it was to protect their interests that their attorney and counsel appeared upon the reference and the hearing afterwards had on the report. The services were undoubtedly valuable and the compensation claimed by them for him was reasonable. But the fact, nevertheless, was that these services were performed to protect the assets for the benefit of the appellants, who were his clients. They were not performed for, or on behalf, or by the employment of the receiver, and, therefore, created no indebtedness against him, for the payment of which the funds officially held by him could be lawfully appropriated. This subject was considered in *Attorney General* v. *North America Life Insurance Company* (91 N. Y., 57), where it was held that the performance of such services created no legal claim for compensation against the receiver. And section 5, of chapter 378 of the Laws of 1883, is clearly to the same effect. The point was also considered " In the matter of the Security Life Insurance Company," at the October term of this court, and also in the preceding case of the Empire Mutual Life Insruance Company, decided at the same term, in both of which this conclusion was maintained.

It follows, therefore, that the order from which the appeal has been taken was right, and it should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.